1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEAVEN WADE,

                       Plaintiff,

v.

DCS FINANCIAL, INC.,

                       Defendant.

CASE NO. C16-5398BHS

ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

       This matter comes before the Court on Defendant DCS Financial, Inc.'s ("DCS")

motion for judgment on the pleadings or for summary judgment (Dkt. 9). The Court has

considered the pleadings filed in support of and in opposition to the motion and the

remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

       On July 10, 2013, Plaintiff Steaven Wade ("Wade") sought medical treatment

from Peach Health South West Medical Center.  Dkt. 9-1 at 2.  Wade's last payment for

those services was March 20, 2015. *Id*.  On June 2, 2015, DCS sent Wade a notice of

default letter seeking payment of $485.53. *Id*.  The letter provides as follows:

NOTICE OF DEFAULT
      You are hereby notified: That the above account has, for value
received, been assigned to us for collection. That the above entitled account
is in default and your timely response is important to resolve this matter. To
prevent further collection efforts you must contact this office.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

     Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

     This notification is from a professional debt collector.

     Any information obtained from this notice is for the purpose of collecting a debt.

*Id.*

On May 25, 2016, Wade filed a complaint against DCS alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Dkt. 1. Wade alleges that DCS's "debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692g, 1692d, 1692e(2), 1692e(4), 1692e(10), 1692e(11), 1692f and 1692f(6)." *Id.*, ¶ 20.

On August 25, 2016, DCS filed a motion for judgment on the pleadings or for summary judgment. Dkt. 9. On September 15, 2016, Wade responded. Dkt. 10. On September 16, 2016, DCS replied and moved to strike Wade's tardy response. Dkt. 11.

## II. DISCUSSION

**A.** **Motion to Strike**

DCS moves to strike Wade's response because it was submitted three days late. Dkt. 11 at 1–3. The Court denies DCS's motion on this issue because DCS is not prejudiced by the Court's consideration of Wade's tardy response.

**B.    Summary Judgment**

DCS moves for judgment on the pleadings and for summary judgment.  Dkt. 9.
Because DCS submitted evidence in support of its motion, the Court will consider the
motion as one for summary judgment.

**1.    Continuance**

Although Wade does not outright ask for a continuance to conduct discovery,
Wade does argue that the motion is premature.  Dkt. 10 at 1.  The Court may defer ruling
on or deny a motion for summary judgment if "a nonmovant shows by affidavit or
declaration that, for specified reasons, it cannot present facts essential to justify its
opposition . . . ."  Fed. R. Civ. P. 56(d).  Wade has failed to submit any evidence or
argument in support of the notion that he is unable to justify his opposition due to a lack
of facts.  In fact, both of the claims the Court analyzes below depend on the language in
DCS's letter and any other evidence would most likely be irrelevant.  Therefore, the
Court denies Wade's request for a continuance or denial based on the lack of discovery.

**2.    Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure
materials on file, and any affidavits show that there is no genuine issue as to any material
fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).
The moving party is entitled to judgment as a matter of law when the nonmoving party
fails to make a sufficient showing on an essential element of a claim in the case on which
the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317,
323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole,

could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### 3.    FDCPA

DCS moves for summary judgment asserting that Wade alleged that DCS violated the FDCPA in "two respects." Dkt. 9 at 1. Although Wade's complaint lists eight

1    specific provisions that DCS allegedly violated, Wade fails to contest DCS's contention

2    that Wade has only asserted two claims.  As such, the Court must assume that Wade's

3    complaint includes only two claims, which are overshadowing and failure to include a

4    "mini-Miranda" warning.

5                    **a.    Overshadowing**

6           When considering alleged violations of sections 1692e and 1692f of the FDCPA,

7    the Ninth Circuit applies the "least sophisticated debtor" standard.  *Guerrero v. RJM*

8    *Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007).  "If the least sophisticated debtor

9    would 'likely be misled' by a communication from a debt collector, the debt collector has

10   violated the FDCPA."  *Id.* (quoting *Swanson v. Southern Oregon Credit Serv., Inc.*, 869

11   F.2d 1222, 1225 (9th Cir. 1988)).  "The objective least sophisticated debtor standard is

12   'lower than simply examining whether particular language would deceive or mislead a

13   reasonable debtor.'"  *Terran v. Kaplan*, 109 F.3d 1428, 1431–32 (9th Cir. 1997) (quoting

14   *Swanson*, 869 F.2d at 1227)).  The Court, not the jury, determines whether a collection

15   letter violates the Act by applying this "least sophisticated debtor" standard.  *Swanson*,

16   869 F.2d at 1225–26.

17          In this case, Wade argues that language in DCS's letter overshadows the required

18   disclosures.  Specifically, Wade contends that the language "To prevent further collection

19   efforts you must contact this office" overshadows the required notice of Wade's rights in

20   the subsequent paragraph.  Dkt. 10 at 10–12.  The Court disagrees and concludes that the

21   quoted language does not overshadow or contradict Wade's notice.  In *Terran*, the Ninth

22   Circuit addressed language similar to, if not more threatening than, the language in

1   DCS's letter.  109 F.3d at 1430.  The debt collector's letter provided, in part, as follows:

2   "Unless an immediate telephone call is made to J SCOTT, a collection assistant of our

3   office at (602) 258–8433, we may find it necessary to recommend to our client that they

4   proceed with legal action."  *Id.*  The court reasoned and concluded as follows:

5           [T]he request that the alleged debtor immediately telephone a
        collection assistant does not overshadow the language in the notice that the
6       alleged debtor has thirty days in which to dispute the debt. The validation
        notice immediately follows the language regarding an immediate telephone
7       call. The text of the letter is uniformly presented in ordinary, same-size
        font. No emphasis is placed on any particular statement, with the exception
8       of the creditor's name and the name of the person to contact at Kaplan's
        office, both of which appear in uppercase letters.
9           It is particularly significant that the challenged language in this
        matter does not require payment "immediately." It merely requests a phone
10      call. A demand for payment within less than the thirty-day timeframe
        necessarily requires the debtor to forego the statutory right to challenge the
11      debt in writing within thirty days, or suffer the consequences. For this
        reason, requiring a payment that would eliminate the debt before the debtor
12      can challenge the validity of that debt directly conflicts with the protections
        for debtors set forth in section 1692g. The request that the debtor telephone
13      the collection agency does not contradict the admonition that the debtor has
        thirty days to contest the validity of the debt. This language simply
14      encourages the debtor to communicate with the debt collection agency. It
        does not threaten or encourage the least sophisticated debtor to waive his
15      statutory right to challenge the validity of the debt.
            We are persuaded that the form and content of the additional
16      language contained in Kaplan's initial communication did not overshadow
        or contradict the validation notice.
17
    *Terran*, 109 F.3d at 1434.
18
        The *Terran* rationale applies to DCS's letter.  Wade's notice immediately follows
19
    the contested language.  The only capitalized language is "NOTICE OF DEFAULT,"
20
    which is standard and not otherwise contradictory.  Similar to *Terran*, the language
21
    instructed Wade to contact the office and does not contradict or undermine Wade's right
22

1    to contest the validity of the alleged debt.  Overall, the language "does not threaten or

2    encourage the least sophisticated debtor to waive his statutory right to challenge the

3    validity of the debt."  *Id*.  Therefore, the Court grants Defendants' motion for summary

4    judgment on Wade's overshadowing claim.

5              **b.    Mini-Miranda**

6        Section 1692e(11) imposes a requirement on debt collectors to disclose that the

7    particular communication is from a debt collector.

8        DCS contends that this warning is commonly referred to as the "mini-Miranda"

9    warning and that its letter included such a warning.  Dkt. 9 at 7.  DCS is correct because

10   its notice provided that "This notification is from a professional debt collector."

11   Although Wade raises this issue in his complaint, he failed to contest the issue on this

12   motion.  In the absence of any argument as to why the notice constitutes a violation under

13   § 1692e(11), the Court concludes that DCS's letter sufficiently disclosed that the

14   communication was from a debt collector.  Therefore, the Court grants DCS's motion on

15   this issue.

16              **III. ORDER**

17       Therefore, it is hereby **ORDERED** that DCS's motion for summary judgment

18   (Dkt. 9) is **GRANTED**. The clerk shall enter judgment for DCS and terminate this case.

19       Dated this 26th day of October, 2016.

20

21   _____
     BENJAMIN H. SETTLE
22   United States District Judge